OPINION OF THE COURT
Guy P. De Phillips, J.
By notice of motion dated November 29, 1990, the petitioner Commissioner of Social Services of the City of New York (hereinafter Commissioner) moves pursuant to Family Court Act § 1061 for an order vacating the order made by this court on October 19, 1990. The October 19, 1990 order directed the petitioner to file a termination of parental rights proceeding on behalf of the child pursuant to Family Court Act §§ 255 and 1055 (d). On January 9, 1991, the foster mother, a nonrelative of the child, appeared and advised of her continued determination and wish to adopt the child Dale P. It was pointed out that since 1988 there was no contact between the child and the respondent mother or with anyone claiming to be a father of the child.
The background of the instant motion is as follows: On April 5, 1988 this court found the subject child Dale P. to be neglected due to, inter alla, the respondent mother’s continued drug dependency. By dispositional order made that same date, the child was placed directly with a nonrelated resource, Mary H., for up to 18 months. On September 26, 1990, petitioner filed a supplemental verified petition dated August 29, 1990 seeking a further extension of placement with respect to the child. In paragraph 4 of said petition it is alleged that placement should be extended for the following reasons: "Child is placed with the Commissioner of Social Services to reside in Queens, with a non-relative, Mary H. Child and foster mother have a loving relationship. A termination of parental rights petition has been filed in Manhattan Family Court. Mrs. H. wants to adopt Dale. Currently she is receiving Public Assistance for the child. Dale, is receiving good care and is achieving developmental progress. * * * Mother is a known drug abuser. She has not cooperated with this agency in regards to entering a drug rehabilitation program and *368 parenting skills classes. Her whereabouts are unknown.”[1] Jurisdiction was obtained over the respondent mother who failed to appear. At the request of the Commissioner and on the evidence adduced, the child Dale was directly placed for a further period of up to 12 months with her foster parent, Mary H., effective October 5,1990.
The arguments advanced by the petitioner in support of the proposition that the Commissioner owes no duty or obligation to effectuate or aid in having the child adopted as a suitable permanency planning goal have been addressed and resolved by this court in its decision in Matter of Charise B. (146 Misc 2d 943). The authority vested in the Family Court to advance adoption as a permanency planning goal for a child in placement where "reasonable cause to believe that grounds therefor exist” is not restricted under Family Court Act § 1055 (d) to a "destitute” or "dependent” child as defined in the Social Services Law.
Petitioner urges as an alternative to this court directing petitioner undertake a termination of parental rights proceeding on behalf of the child, a direction that Ms. H., the foster mother, initiate an adoption proceeding pursuant to Domestic Relations Law § 111 (2) (a). The ground for dispensing with the respondent biological mother’s consent to the adoption would be predicated on the continued abandonment of the child. In effect, the termination of parental rights would occur, if warranted, in the context of the adoption proceeding rather than in the context of a formal termination of parental rights prior to the filing of an adoption. The court is not adverse to fashioning an appropriate remedy to advance the best interests of a child in terms of proper permanency planning emanating from the child’s placement in the context of an article 10 child protective proceeding. Accordingly, this court modifies its prior order of October 19, 1990 directing the petitioner Commissioner to file a termination of parental *369 rights proceeding on behalf of the child, Dale P., to direct that under Family Court Act §§ 255 and 1055 upon the petitioner’s refusal to file such proceeding within 30 days from the date of this order, the foster mother Mary H. is authorized to file an adoption petition with respect to such child and the petitioner is directed to afford her legal representation in connection with such adoption proceeding.
This directive does not trespass upon the holding of Matter of Enrique R. (126 AD2d 169 [1st Dept 1987]). Permanency planning for children in placement is focused on meeting the best interests of those children, not with meeting the interest of those with whom such children are placed— whether directly with the Commissioner of Social Services or directly with a related or unrelated resource. The State having intruded, albeit in conformance with due process and reasoned public policy, into the parent-child relationship, owes a continuing obligation to permanently plan for each child in placement as a consequence of such State action. Since Family Court Act § 1055 (d) is a specific legislative delegation of authority to the court to order a Social Services official or other duly authorized agency to institute a proceeding to legally free a child in placement for adoption and since the needs of children arise from the fact that they are children with coequal need for permanency planning regardless of the accidental nature of the placement, i.e., with the Commissioner, or with a related resource, or with an unrelated resource, the service to be afforded by the Commissioner in effecting termination of the birth parent’s parental rights and the institution of a new parent-child relationship through adoption is an authorized service. Indeed, the service is normally obtained in the context of a termination proceeding. However, the service may be afforded in the suggested analogous procedure of effecting the termination in the adoption proceeding itself.
In order to implement effectuation of what is indisputably the reasoned permanency planning goal of adoption for the child, Dale, the court directs the petitioner and Law Guardian to inform the foster mother, Ms. Mary H., of the instant directive.[2] Upon the failure of the petitioner to initiate a termination of parental rights proceeding within 30 days of the date of this decision, the petitioner shall afford legal *370 representation to the foster mother in the filing and prosecution of an adoption petition with respect to the child.
Failure of the Commissioner to initiate termination of parental rights proceedings or alternatively to afford Dale’s foster mother legal representation in an adoption proceeding as above directed may be viewed as contempt (see, Judiciary Law § 753). It is also noted that the love and care afforded the child Dale by Ms. H., the foster mother, by accepting a direct placement of the child with her, has relieved the financial burden which would otherwise devolve upon the State as a consequence of placement of the child directly with the Commissioner. The corollary lessening of the financial burden upon the foster mother in obtaining the permanency planning goal of adoption is warranted not only because of need (it is not disputed that the foster mother is receiving public assistance for the child), but because of the State’s own continuing obligation to the child in affording suitable permanency planning. Under the circumstances outlined above and in light of the specific grant of placement options available to the court under Family Court Act §§ 1017 and 1055 and in order to effectuate the meeting of the child’s needs (Family Ct Act § 1011), the court construes the applicable statutory enactments (including Family Ct Act § 255) in a manner designed to avoid disparate treatment in terms of permanency planning and meeting the needs of children placed directly with the Commissioner or directly with a relative or nonrelative. A 90-day report is to be filed with the Law Guardian and the court regarding the status of permanency planning for Dale as above directed (see, Family Ct Act § 1055 [b] [v]).
[Portions of opinion omitted for purposes of publication.]

. Although the petitioner filed the supplemental petition to extend placement under the misapprehension that the child was placed directly with the Commissioner, this misapprehension did not vitiate petitioner’s standing as a party to the article 10 child protective proceeding to seek extension of the direct placement of the child with Ms. H., a nonrelated resource approved by the Commissioner as suitable caretaker for the child. Although it is represented by the CWA caseworker that termination of parental rights has commenced in Family Court, New York County, the instant application by the Commissioner to vacate this court’s order dated October 19, 1990 directing such filing indicates petitioner’s continued recalcitrance.

. The child Dale (date of birth: Jan. 17, 1987) is presently four years old and has been in placement for almost two years.